**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VETERINARY PHARMACEUTICALS,
INC., a California corporation,

       Plaintiff,

vs.                                                                Civ. No. 03-00838 MV/LCS

STEVEN M. PUGLIESE, an individual;
ADVANCED SKIN TECHNOLOGIES,
INC., a Pennsylvania corporation; SASHA
TRUDNOWSKI, an individual; LINDA
TRUDNOWSKI, an individual; and ERIN
FERKETICH, an individual,

       Defendants.

---

STEVEN M. PUGLIESE

       Counterclaimant,

vs.

VETERINARY PHARMACEUTICALS,
INC.,

       Counterdefendant.

---

STEVEN M. PUGLIESE

       Third Party Plaintiff,

vs.

DANIEL L. RUDNICK,

       Third Party Defendant.

---

AST WEST, INC.,

        Plaintiff,

vs.                                                                               Civ. No. 04-1369 MV/LCS

VETERINARY PHARMACEUTICALS,
INC., a California corporation, and
DANIEL RUDNICK,

        Defendants.

**THIS MATTER** comes before the Court on Defendant/Counter-Claimant/Third-Party Plaintiff Steven M. Puglise and Defendant Advanced Skin Technologies, Inc.'s ("Defendants") Motion to Consolidate, filed December 7, 2004, **[Doc. No. 90]**. On July 17, 2003, Plaintiff Veterinary Pharmaceuticals, Inc., ("VPI") filed a complaint against AST West, Pugliese, and Advanced Skin, alleging breach of contract, conversion, and fraud (the "initial action"). Seven days later, AST West filed for bankruptcy, thereby creating an automatic stay of any further proceedings against AST West. VPI subsequently dismissed AST West from this proceeding without prejudice and filed an Amended Complaint dropping the breach of contract claim and asserting conversion, conspiracy to commit conversion, fraud, conspiracy to commit fraud, and constructive trust claims. Pugliese filed a counterclaim against VPI asserting breach of contract, bad faith, defamation, and *prima facie* tort. Pugliese also filed a third party complaint against Third Party Defendant Daniel L. Rudnick ("Rudnick") asserting civil conspiracy, defamation, and *prima facie* tort. AST West filed an adversary proceeding in the Bankruptcy Court alleging contract and tort claims against VPI and Rudnick ("adversary proceeding").

The Bankruptcy Court subsequently recommended that the reference of the adversary

2

proceeding to the Bankruptcy Court be withdrawn because the Bankruptcy Court lacked jurisdiction over the case due to the Trustee's abandonment of the cause of actions raised in the case and because a related case was currently pending in this Court. Based on this recommendation, which the Court subsequently granted, Defendants moved to consolidate the initial action and the adversary action. Plaintiffs oppose the consolidation.

Having considered the Motion to Consolidate and related briefs, the Court, in its discretion, finds that the two cases involve common questions of law and fact and that consolidation will promote judicial economy.

**IT IS THEREFORE ORDERED** that Defendant/Counter-Claimant/Third-Party Plaintiff Steven M. Puglise and Defendant Advanced Skin Technologies, Inc.'s Motion to Consolidate, filed December 7, 2004, **[Doc. No. 90],** is **GRANTED**.

Dated this 19th day of July, 2005.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff/Third Party Defendant:
    Julie J. Vargas, Esq.
    Rodolfo Parga, Jr., Esq.

Attorneys for Defendants:
    Russell C. Lowe, Esq.
    Paul D. Barber, Esq.